UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES FLORCZAK,

                Plaintiff

     v.                                       3:06-cv-0064

ANTHONY STAFFIERI, and
STERLING PLAZA MANAGEMENT GROUP, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff James Florczak commenced the instant action asserting claims for breach of contract and related claims arising out of the operation of Defendant Sterling Plaza Management Group, LLC ("Sterling Plaza"). Presently before the Court is Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer or dismiss for improper venue. Plaintiff submitted an untimely response.

**I.**      **FACTS**

According to the Complaint, in 2001, Plaintiff together with Ezio Staffieri, Aldo Staffieri and Defendant Anthony Staffieri, as members of the Staffieri Trust, formed a Connecticut Limited Liability Corporation, Defendant Sterling Plaza. Pursuant to the Sterling Plaza operating agreement, Plaintiff and Anthony Staffieri were to serve as the managers. Sterling Plaza then purchased a shopping plaza in Derby, Connecticut. The parties agreed

that Staffieri would oversee the day to day operations, but that any expenditures over $100 would require approval from both Plaintiff and Staffieri.

The Complaint alleges that Staffieri failed and refused to honor the management agreement and undertook certain obligations, including lease arrangements, on behalf of Sterling Plaza without Plaintiff's consent. Plaintiff alleges that Staffieri failed to negotiate leases for space in Sterling Plaza for fair market value, failed to pay fair market value for parking lot space owned by Sterling Plaza but utilized by Staffieri's restaurant (which is located next to Sterling Plaza), wrongfully authorized landscaping services for Sterling Plaza, wrongfully authorized certain garbage removal services for Sterling Plaza, and wrongfully authorized the expenditure of monies to change certain locks pertaining to Sterling Plaza. The Complaint further alleges that Staffieri promised to pay Plaintiff $13,400 after formation of Sterling Plaza, but failed to do so.

Presently before the Court is Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, or to transfer pursuant to 28 U.S.C. § 1404. In response, Plaintiff submitted untimely papers which the Court accepted. Nonetheless, Plaintiff's untimely papers fail to address the issue of personal jurisdiction.

## II.      STANDARD OF REVIEW

Defendants move to dismiss based on lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). In a diversity case under 28 U.S.C. § 1332, personal jurisdiction is determined by the law of the forum in which the court sits. See Omni Capitol Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 108 (1987); Arrowsmith v. United Press International, 320 F.2d 219, 223 (2d Cir. 1963) (en banc); Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990). It is

well-established that when motions are made pursuant to Rule 12, the plaintiff's complaint and affidavits are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. See CutCo Inds., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Although the plaintiff benefits from favorable construction of his submissions, it is well settled that the plaintiff also bears the burden of proving a prima facie case of personal jurisdiction. See A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

Defendants also move to dismiss based upon improper venue pursuant to FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1391. Section 1391 provides in pertinent part that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). Where venue is challenged by a defendant, plaintiff bears the burden of proving that venue is proper in the forum state. See Pocahontas Supreme Coal Co. v. National Mines Corp., 90 F.R.D. 67, 69 (S.D.N.Y. 1981)

Alternatively, Defendants move to transfer the case pursuant to 28 U.S.C. § 1404(a). A district court may, for the convenience of parties and witnesses and in the interests of justice, transfer any civil action to any other district or division where it might have been brought. Id. The party seeking to transfer venue in the "interests of justice" bears the significant burden of making a clear and convincing showing that a case should be transferred. See Ford Motor Co. v. Ryan, 182 F.2d 329 (1950). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2d Cir. 1992).

**III.     DISCUSSION**

    **a.     Personal Jurisdiction**

As the Second Circuit has stated:

> "District courts resolving issues of personal jurisdiction must ... engage in a two-part analysis." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). First, a district court must determine whether, under the laws of the forum state (New York in this case), there is jurisdiction over the defendant. Id. "Second, [it] must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Id. . . . In opposing a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." Id. "Where a court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." Id.

Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).

New York's long arm statute is found at N.Y.C.P.L.R. § 302.  Section 302(a)(1) provides jurisdiction over a person who "transacts any business within the state."  Relevant factors to consider in determining whether a non-domiciliary is transacting business in New York include: (1) whether the contract was negotiated and executed in New York; (2) whether Staffieri visited New York for purpose of meeting with parties after the contract had been executed; (3) whether the contract contains a New York choice of law clause; (4) whether the contract is to be performed in New York; (5) whether the contract requires notices and payments to be sent to New York; and (6) the defendant's physical presence in New York in connection with an ongoing contractual relationship with a New York corporation.  See Arista Technologies, Inc. v. Arthur D. Little Enterprises, Inc., 125 F. Supp.2d 641, 649-650 (E.D.N.Y. 2000).

All of the above-referenced factors point against a finding of personal jurisdiction pursuant to section 302(a)(1). The facts are that the parties formed Sterling Plaza in Connecticut. While Staffieri may have known that Plaintiff intended to reside in New York, the relevant business transactions occurred in the State of Connecticut. Moreover, the subject in dispute arises out of acts or omissions that occurred in the State of Connecticut. The management contract was negotiated and executed in Connecticut (factor 1). There is no evidence that Staffieri visited New York to meet with Plaintiff after the execution of the management contract (factor 2). The contract contains a Connecticut choice of law clause (factor 3). Nothing in the contract itself contemplates performance in New York (factor 4). To the contrary, the contract was to operate commercial real estate in Connecticut. Plaintiff has not pointed to any provision in the management contract requiring notices or payments to be sent to New York (factor 5). There is insufficient evidence of Staffieri's physical presence in New York (factor 6). Furthermore, the operating agreement expressly states that Plaintiff is "of Derby Connecticut." Plaintiff was specifically noted in the operating agreement to have an address at 101 Elizabeth St., Derby, Connecticut. Although there is evidence that Staffieri may have communicated with Plaintiff about the ongoing operations of Sterling Plaza while Plaintiff was in New York, the instant lawsuit arises out of Staffieri's alleged breach of the management contract of a Connecticut entity. The suit is on a contract that contemplated providing services in Connecticut and that arises out of Staffieri's actions and/or omissions in Connecticut. See Arista Technologies, 125 F. Supp.2d at 650-52.

There are no other statutory grounds upon which to find personal jurisdiction over Staffieri. Because the underlying claims sound in breach of contract, sections 302(a)(2) and (a)(3), which apply to torts, are inapplicable. Amigo Foods Corp. v. Marine Midland Bank -

New York, 39 N.Y.2d 391, 396 (1976).  Given the lack of any evidence that Staffieri owns, uses, or possesses any real property situated in New York, section 302(a)(3) also is inapplicable.

For similar reasons, the Court lacks personal jurisdiction over Sterling Plaza.  There is no evidence before the Court that Sterling Plaza has transacted any business in New York or that any claims against Sterling Plaza arise out of any such transactions.

Even if Staffieri's communications with Plaintiff in New York were sufficient to constitute transacting business within the meaning of section 302(a)(1), the Court finds that the exercise of jurisdiction over Staffieri or Sterling Plaza would not comport with due process.  Due process is not offended "[s]o long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there . . . even if not 'present' in that State."  See  Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 466 (1988) (citing McGee v. Intl. Life Ins. Co., 355 U.S. 220 (1957)).  There is no evidence that Staffieri or Sterling Plaza purposefully availed themselves of the benefits of conducting business in New York or of the laws of the State of New York.  To the contrary, the unequivocal evidence is that Staffieri sent communications to Plaintiff in New York to accommodate Plaintiff (a co-manager of Sterling Plaza who moved to New York) in their management of a Connecticut entity and in furtherance of business transactions in Connecticut.  There is no indication that Staffieri or Sterling Plaza purposefully availed themselves of the privilege of conducting activities in New York or reasonably should have expected to be haled into a New York court.

Accordingly, the Court lacks personal jurisdiction over Defendants.

### b. Venue

Even assuming, arguendo, that the Court did have personal jurisdiction over Defendants, the Court finds that venue is improper in this district. Pursuant to 28 U.S.C. § 1391, in a diversity of citizenship case venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  "[W]hen a plaintiff relies on § [1391(a)(2)] to defeat a venue challenge, a two-part inquiry is appropriate. First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. . . . Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims . . . have occurred in the district in question." Daniel v. American Bd. of Emergency Medicine, 428 F.3d 408, 432 (2d Cir. 2005) (internal quotations and citation omitted).  "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts. . . .  When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." Id.

Turning to the first inquiry, Plaintiff's claim pertains to Staffieri's alleged management of Sterling Plaza without Plaintiff's input, including failing to negotiate fair

market value leases and failing to obtain fair market payment for use of parking spaces and Staffieri's wrongfully authorizing certain services or expenditures on behalf of Sterling Plaza. Looking to the second inquiry, it cannot be said that a substantial part of Staffieri's acts or omissions or that significant events or omissions material to Plaintiff's claims occurred in New York. Any failures by Staffieri to collect adequate rent for space in the plaza or for parking spaces transpired in Connecticut. To the extent Staffieri authorized any expenditures on behalf of Sterling Plaza, that occurred in Connecticut. Finally, to the extent Staffieri failed to pay certain monies to Plaintiff, that omission occurred in Connecticut. Although Defendants may have sent some communications to Plaintiff in New York, those communications do not give rise to Plaintiff's claim. See Friedman v. Revenue Mgmt. of N.Y., Inc., 38 F.3d 668, 672 (2d Cir. 1994); see also Daniel, 428 F.3d at 432. Accordingly, venue is improper in this District.

Under § 1391(a)(1), venue would be proper in the District of Connecticut because all defendants reside there. Further, under § 1931(a)(2), venue is proper in the District of Connecticut because that is where a substantial part of the events or omissions give rise to the claim occurred. Moreover, it appears very likely that Defendants would be subject to personal jurisdiction in Connecticut.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendants and that venue in this District is improper. Pursuant to 28 U.S.C. § 1404(a), this

matter is hereby transferred to the District of Connecticut.[1]  Plaintiff's motion for summary judgement is denied as moot.

IT IS SO ORDERED.

Dated:April 25,2006

                                                        Thomas J. McAvoy
                                                        Senior, U.S. District Judge

---

[1] When a civil action is filed in District Court and the Court lacks personal jurisdiction over a party, 28 USCA § 1631 permits the court to transfer the action to another court in which the action could have been brought.  See also Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).